IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VANESSA HANKINS, *pro se*, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-16-0008 |
| JANET ANDERSON, et al., | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

The *pro se* Plaintiff Vanessa Hankins ("Plaintiff" or "Hankins") has brought this action against Defendant Carolyn Colvin, Acting Commissioner of the Social Security Administration ("Social Security")[1], alleging discrimination on unspecified bases under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and age discrimination under the federal sector provision of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a ("ADEA")[2], in connection with her non-selection for a competitive position

---

[1] Plaintiff has improperly named as Defendants Janet Anderson and Theresa Gruber, two individual Social Security employees. In employment discrimination cases against the federal government, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). Accordingly, Plaintiff's action shall be treated as an action against Acting Commissioner Colvin alone, in her official capacity, the sole proper party Defendant. *See, e.g., Gardner v. Gartman*, 880 F.2d 797, 799 (4th Cir. 1989) ("The language of the 42 U.S.C. § 2000e-16(c) is clear; the head of the department for which the plaintiff works is the proper defendant in a sex or race discrimination suit."); *Simmons v. Shalala*, 946 F. Supp. 415, 418 (D. Md. 1996) (in employment discrimination action under Title VII, "[t]he head of the department or agency is the only proper defendant" and "individual federal employees may not be sued for employment discrimination under Title VII" (internal quotation omitted)), *aff'd*, 112 F.3d 510 (4th Cir. 1997).

[2] Plaintiff has also filed a form "Complaint for Violation of Fair Labor Standards" (ECF No. 1). Even affording Plaintiff's allegations a liberal construction, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiff has failed to state any claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Plaintiff has not raised any allegations about the subject matter covered by the FLSA. Accordingly, any claims that Plaintiff seeks to raise under the FLSA are DISMISSED.

1

of employment at Social Security. Currently pending before this Court is Defendant Colvin's Motion to Dismiss or, *in the alternative*, For Summary Judgment (ECF No. 8). The Parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, Defendant Colvin's Motion to Dismiss (ECF No. 8) is GRANTED. Accordingly, this action is DISMISSED.

## BACKGROUND

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citation omitted). Plaintiff Vanessa Hankins ("Plaintiff" or "Hankins") is a Paralegal Specialist (GS-12) at the Social Security Administration ("Social Security") Office of Disability Adjudication and Review. *See Compl.*, p. 18, ECF No. 1-1. In January of 2015, Hankins applied for promotion to a GS-13 Paralegal Specialist position. *See* Supp. Compl., p. 8, ECF No. 4-2. Hankins was awarded a score of 97 out of 100 on her applicant evaluation. *See* Compl., p. 36, ECF No. 1-1. The cut-off for the agency's "Best Qualified List" ("BQL") for that position was a score of 89. *Id.*

On May 14, 2015, Hankins contacted a Social Security Human Resources Specialist regarding the status of her application. *Id.* at 36-37. Then, on June 2, 2015, Social Security notified Hankins that she had been placed on the BQL list, but had not been selected for the position. *Id.* On May 26, 2015, Plaintiff contacted an Equal Employment Opportunity ("EEO") counselor at Social Security, claiming that the agency had discriminated against her on the basis of her age (over 40) in failing to hire her for the position. *See* Supp. Compl., p. 6-7, ECF No. 4-2. On August 24, 2015, an EEO counselor issued to Plaintiff a "Notice of

the Right to File a Formal Equal Employment Opportunity (EEO) Complaint of Discrimination" (ECF No. 4-2). However, Plaintiff has not filed a formal EEO complaint. On January 4, 2016, Plaintiff filed in this Court a form "Complaint for Violation of Fair Labor Standards" (ECF No. 1). On February 12, 2016, Plaintiff filed in this Court a form "Complaint for Employment Discrimination" (ECF No. 4)[3].

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual

---

[3] Plaintiff has also alleged that Social Security "retaliated" against her for her prior EEO activity when it placed her on a Performance Action ("PA") plan and suspended her telework privileges. Plaintiff filed a grievance with Social Security, but Social Security subsequently remedied that grievance by removing any documentation of the PA plan from her file and reinstating her telework privileges. *See* Mem., ECF No. 8-2. Plaintiff did not appeal that grievance decision. Accordingly, any claims that Plaintiff seeks to raise based on these actions are moot. *See Rock for Life-UMBC v. Hrabowski*, 411 Fed. Appx. 541, 551 (4th Cir. 2010).

allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference.  *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).  Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## **ANALYSIS**

I. <u>Plaintiff Has Failed to Exhaust the Administrative Prerequisites to a Title VII Employment Discrimination Suit</u>

On August 24, 2015, a Social Security Equal Employment Opportunity ("EEO") counselor issued to Plaintiff a "Notice of the Right to File a Formal Equal Employment Opportunity (EEO) Complaint of Discrimination" (ECF No. 4-2).  Plaintiff received and signed for this Notice on September 5, 2015.  *See* USPS Tracking, ECF No. 8-3.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, requires a plaintiff to file a formal EEO complaint "within 15 days of receipt of [a] notice[.]" 29 C.F.R. § 1614.106(b).  Failure to comply with this provision subjects a complaint to dismissal.  *See Blount v. Shalala*, 32 F. Supp. 2d 339, 341-42 (D. Md. 1999), *aff'd*, 199 F.3d 1326 (4th Cir. 1999); *Moret v. Geren*, 494 F. Supp. 2d 329, 337 (D. Md. 2007).  The Notice that Plaintiff received (ECF No. 4-2) provided as follows: "If you choose to file a formal EEO complaint, you must do so within fifteen (15) calendar days of the date you receive this notice. . . .

Further, your formal complaint must be in writing and signed by you or your attorney representative. (Title 29, Code of Federal Regulations (C.F.R.), Section § 1614.106(c))."

Here, there is no dispute that Plaintiff failed to file a formal EEO complaint at all, much less within the 15-day period. Accordingly, Plaintiff's Title VII claim is DISMISSED.[4] *See Moret*, 494 F. Supp. 2d at 337 (dismissing action where "it is undisputed that [plaintiff] failed to file a formal complaint, much less file within the fifteen 15 day requirement").

II.     Plaintiff Has Failed to Comply with the Procedural Prerequisites to an ADEA Employment Discrimination Suit

A federal government employee who seeks to pursue an age discrimination claim under the ADEA has two options for advancing his or her claim. First, the employee "may invoke the [Equal Employment Opportunity Commission's ("EEOC")] administrative process and then file a civil action in federal district court if he is not satisfied with his administrative remedies." *Stevens v. Dep't of Treasury*, 500 U.S. 1, 5-6 (1991) (citing 29 U.S.C.

---

[4] In her Opposition to the pending Motion to Dismiss, Plaintiff admits that she "did not realize [she] was required to file a completed EEOC complaint before [she] filed a case in court," but now seeks equitable tolling to avoid dismissal of her claims. Pl. Opp'n, p. 1, ECF No. 10. Plaintiff indicates that "on multiple occasions [she] contacted AFGE, Union representative Tom Gagliardo, Esq. by email and phone to obtain representation regarding [her] EEOC complaint, when [she] spoke to him week after week he was either ill, on vacation in Mexico or in Annapolis, MD and unable to assist [her] with [her] claim." *Id.* It is well established that "[e]quitable exceptions to the statutory limitations period should be sparingly applied" because otherwise "[t]he certainty and repose these provisions confer will be lost if their application is up for grabs in every case." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987). To invoke equitable tolling, "the plaintiff must prove that the defendant engaged in affirmative misconduct intended to mislead or deceive him into missing the deadline" to make a timely filing. *Rock v. McHugh*, 819 F. Supp. 2d 456, 469 (D. Md. 2011) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Plaintiff has failed to make that showing here as she has not offered any factually supported allegations or evidence that any federal government entity or official has hampered her from filing a formal EEO complaint. She does not deny having received and read the Notice of Right to File a Formal EEO Complaint of Discrimination, which expressly sets forth the deadline for filing a formal EEO complaint. Accordingly, Plaintiff is not entitled to equitable tolling. *See, e.g., Blount v. Dep't of Health & Human Servs.*, 400 F. Supp. 2d 838, 842 n.5 (D. Md. 2004) (no equitable tolling where plaintiff failed to show "that affirmative misconduct on the part of the Government prevented her from filing with EEO counselor within 45 days of these events"), *aff'd*, 122 Fed. Appx. 64 (4th Cir. 2005); *English*, 828 F.2d at 1050 (no equitable tolling "[i]f notice is properly posted and the employee does not see it or sees it but is still not aware of his rights" (internal quotation omitted)).

§§ 633a(b) and (c)). Second, the employee may proceed directly to "present[ing] the merits of his claim to a federal court in the first instance." *Stevens*, 500 U.S. at 6 (citing 29 U.S.C. § 633a(d)). However, if the employee follows the second route, he or she must give the EEOC "not less than thirty [30] days' notice of an intent to file such action" and "[s]uch notice shall be filed within one hundred and eighty [180] days after the alleged unlawful practice occurred." 29 U.S.C. § 633a(d); *see also* 29 C.F.R. § 1614.201(a).

In this case, Plaintiff did not exhaust the EEOC's administrative process (first option), nor has she provided the requisite notice before bringing a suit directly in this Court (second option). The EEOC's current regulations make clear that a federal employee who wishes to proceed under 29 U.S.C. § 633a(d) must file such notice "in writing with EEOC." 29 CFR § 1614.201(a); *see also Rann v. Chao*, 346 F.3d 192, 198 (D.C. Cir. 2003). There is no evidence that Plaintiff "has given the Commission" the requisite 30-day notice before filing suit in this Court. 29 U.S.C. § 633a(d); *see also Rann*, 346 F.3d at 198 ("the plain language of this statute [29 U.S.C. § 633a(d)] requires the filing of a notice of intent to sue with the EEOC itself"). Accordingly, Plaintiff's ADEA claim is DISMISSED. *See Rann*, 346 F.3d at 199; *Verrier v. Sebelius*, 2010 WL 1222740, *8-9 (D. Md. 2010).

## CONCLUSION

For the reasons stated above, Defendant Colvin's Motion to Dismiss (ECF No. 8) is GRANTED. Accordingly, this action is DISMISSED.

Dated:	September 30, 2016

                                                                      /s/
                                        Richard D. Bennett
                                        United States District Judge